UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CEDRIC SIMPSON #825815,

    Plaintiff,

                                        NO. 2:25-cv-74

v

                                        MAG. JUDGE RAY KENT

C/O STEVEN ZAMPESE, *et al.*,

    Defendants.

---

Cedric Simpson #825815
*In Pro Per*
Ionia Correctional Facility
1576 W. Bluewater Hwy
Ionia, MI 48846

Nicholas Pillow (P83927)
Chapman Law Group
Attorney for Defendant Faulk
1141 W. Long Lake Rd, Ste 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

Jessica E. Pelto (P71052)
Assistant Attorney General
Attorney for MDOC Defendant Zampese
Michigan Department of Attorney
General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
peltoj@michigan.gov

                                                        /

## <u>STIPULATED PROTECTIVE ORDER</u>

       This matter having come before the Court on the parties' stipulation, the Court being fully apprised in the premises,

**IT IS HEREBY ORDERED** as follows:

       1.    **Scope.**  All materials produced or adduced in this action shall be subject to this order concerning Confidential Documents as defined below.

2.    **Confidential Documents**.  When used in this order, "Confidential Documents" means documents of a type contemplated by Fed. R. Civ. P. 26(c) that a party, in good faith, regards as confidential, sensitive business or personal information, including medical records.  The Michigan Department of Corrections (MDOC), in good faith, regards certain documents to be confidential because disclosure of such information is potentially harmful to the safety, security, and good order of Michigan's prison system and the safety of MDOC employees.

3.    All confidential documents, as that term is defined by Paragraph 2, shall be used solely for the prosecution and/or defense of this action, including any appeal(s) resulting from this action.

4.    The parties and counsel for the parties shall not disclose or permit the disclosure of any confidential information to any person currently or formerly under the jurisdiction of the MDOC, copies of the records shall not be provided to or discussed with them without MDOC's permission granted pursuant to this order.  Except as provided in Paragraphs 5, no document designated as confidential, and no information contained in a confidential document, may be disclosed to any person other than:

    a.    The parties (unless currently or formerly under the jurisdiction of the MDOC);

    b.    Counsel for the parties;

    c.    Secretaries, paralegal, assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

    d.    The Court and its personnel;

e.    Persons noticed for deposition or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action), subject to the provisions of Paragraph 7;

f.    Any facilitator/mediator who the parties have agreed to use in this case or ordered by the Court;

g.    Any person already in lawful and legitimate possession of such confidential information; or

h.    Court reporters used in this case.

5.    Except for the parties, counsel for the parties in this action, and their employees, secretaries, and paralegals, and the Court and its employees covered by the provisions of Paragraph 4a, 4b, 4c, and 4d, disclosure to other persons shall be made only upon the condition that the party disclosing the confidential document shall inform the person to whom it is disclosed that the document is subject to this Protective Order and that he or she:  (a) shall not use, directly or indirectly, any information from any confidential documents for purposes other than the prosecution or defense of this action; (b) shall not copy or duplicate, in any form, any confidential documents or information from any confidential documents; or (c) disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

6.    **Confidential Information Subpoenaed or Ordered to be Produced in Other Litigation.**

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in

3

this action as Confidential, the receiving party must notify the MDOC, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this order.  In addition, the receiving party must deliver a copy of this order promptly to the party in the other action that caused the subpoena to issue.  The receiving party shall not produce the Confidential without order from this Court or from another court of competent jurisdiction.

7.    Persons covered by the provisions of Paragraph 4e should immediately turn over any confidential documents to the producing party once their reason for the disclosure has been satisfied.  If any information or contents of a confidential document are disclosed in a deposition or court proceeding, the court reporter may retain a copy of the confidential document along with any transcript(s) of the deposition subject to the provisions of Paragraph 5.

8.    If any party proposes to or intends to use confidential documents in any court filings, during a hearing, or at trial, that party shall give reasonable notice, based on the circumstances, to the designating party of such intended use to allow the designating party an opportunity to petition the Court to institute appropriate procedures to maintain the confidentiality of the materials to be used as provided in the Federal Rules of Civil Procedure.  The party designating the

document as Confidential pursuant to this order may waive the confidentiality designation at any time by providing written notice to the opposing party, or by express oral waiver of such designation during a deposition or other proceeding on the record.

9.      **Challenges to Confidentiality.** A party may challenge the designation of confidentiality by motion. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. Until the Court rules on the challenge, all parties shall continue to treat the materials as confidential under the terms of this Order.


IT IS SO ORDERED.


Dated: March 26, 2026                    /s/ Ray Kent
                                         RAY KENT
                                         United States Magistrate Judge

The undersigned parties agree and stipulate to entry of the above Stipulated Protective Order.


Date: March 20, 2026                     /s/ Nicholas Pillow (w/consent)
                                         Nicholas Pillow
                                         Counsel for Defendant Faulk


Date: March 19, 2026                     /s/Jessica E. Pelto
                                         Jessica E. Pelto
                                         Counsel for Defendants


5